O

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| NEBRASKA MOTEN, ) | Case No. CV 10-5009-MLG |
| Plaintiff, ) | MEMORANDUM OPINION AND ORDER |
| v. ) | |
| MICHAEL J. ASTRUE, ) Commissioner of the Social ) Security Administration, ) | |
| Defendant. ) | |

Plaintiff Nebraska Moten seeks judicial review of the Commissioner's final decision denying his application for Social Security Disability Insurance ("SSDI") and Supplemental Security Income ("SSI") benefits. For the reasons set forth below, the final decision of the Commissioner is affirmed.

**I.  Background**

Plaintiff filed his application for SSDI and SSI benefits on June 25, 2007, alleging disability as of January 1, 2007 due to diabetes mellitus and discogenic and degenerative disorders of the back. (Administrative Record ("AR") 153-154, 247-253, 254-256). Plaintiff's

application was denied initially on September 24, 2007 and upon reconsideration on February 29, 2008. (AR 163-167, 169-174). An administrative hearing was held on July 30, 2009, and continued on November 2, 2009, before Administrative Law Judge ("ALJ") Lowell Fortune. Plaintiff, represented by a non-attorney representative, testified, as did a vocational expert and a medical expert. (AR 54-104, 105-152.)

Plaintiff was born on January 11, 1966 and was 43 years old at the time of the administrative hearing. (AR 15, 153.) He completed high school and has work experience as an assistant manager of a group home, a janitor, and a security guard. (AR 265, 269.)

On January 8, 2010, ALJ Fortune denied Plaintiff's application for benefits. (AR 15-27.) The ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date. (AR 17.) The ALJ further found that Plaintiff had the following severe impairments: morbid obesity; type 2 diabetes mellitus with sensory peripheral neuropathy; coronary artery disease; lumbar spine disorder; and affective disorder. (Id.) However, the ALJ determined that Plaintiff's impairments did not meet or were not medically equal to, one of the listed impairments in 20 C.F.R., Part 404, Subpart P, Appendix 1. (AR 18.)

The ALJ next found that Plaintiff retained the residual functional capacity ("RFC") to perform sedentary work as defined in 20 C.F.R. 404.1567(a) and 416.967(a) with the following exceptions: "He can occasionally climb stairs or ramps but he cannot climb ladders, scaffolds or ropes. He can occasionally perform postural activities including stooping, kneeling, crouching, and crawling, but he cannot balance. He should not work in exposure to power tools, dangerous

machinery, or unprotected heights. He should work in an air-conditioned environment without exposure to fumes, odors, dust, gases, and chemicals. He should not do work requiring hypervigilance. He should not perform high-quota, production-rate work such as rapid assembly line work. He should not perform safety operations or be responsible for the safety of others." (AR 18-19.) The ALJ determined that Plaintiff was unable to perform any past relevant work. (AR 25.) However, the ALJ concluded, based upon the testimony of the VE, that Plaintiff was capable of performing various jobs that exist in significant numbers in the national economy. (Id.) Therefore, the ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act. 20 C.F.R. § 416.920(f). (AR 26.)

On May 19, 2010, the Appeals Council denied review (AR 1-4), and Plaintiff timely commenced this action for judicial review. On March 1, 2011, the parties filed a Joint Stipulation ("Joint Stip.") of disputed facts and issues, in which Plaintiff claims that the ALJ failed to properly consider the opinion of a nurse practitioner. (Joint Stip. 4.) Plaintiff asks the Court to remand for further proceedings. (Joint Stip. 16.) The Commissioner requests that the ALJ's decision be affirmed. (Joint Stip. 17.)

**II. Standard of Review**

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The Commissioner's or ALJ's decision must be upheld unless "the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole." *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1990); *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007). Substantial evidence means

such evidence as a reasonable person might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Widmark v. Barnhart*, 454 F.3d 1063, 1066 (9th Cir. 2006). It is more than a scintilla, but less than a preponderance. *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006). To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1996). "If the evidence can support either affirming or reversing the ALJ's conclusion," the reviewing court "may not substitute its judgment for that of the ALJ." *Robbins*, 466 F.3d at 882.

**III. The ALJ Properly Assessed the Opinion of the Nurse Practitioner**

Plaintiff contends that the ALJ erred by rejecting the assessment of a nurse practitioner, Kathy French, whom Plaintiff saw on March 11, 2009. (Joint Stip. 4.) In a "Diabetes Mellitus Residual Functional Capacity Questionnaire," Ms. French opined that Plaintiff could only sit for one hour at a time and up to two hours per day and that Plaintiff could only stand or walk for ten minutes at a time and no more than two hours in a day. She also found that Plaintiff could lift and carry 10 pounds or less frequently and 20 pounds rarely. She determined that Plaintiff would need to frequently elevate his legs and would be absent from work four or more times per month. (AR 597-600.)

The ALJ rejected the Nurse French's opinion for the following reasons: (1) she only treated Plaintiff on one occasion; (2) her RFC assessment was not supported by objective or clinical findings; and (3) because she is not a licensed physician, her assessment is not medical

evidence from an acceptable source, pursuant to 20 C.F.R. §§ 404.513, 416.913. (AR 24.) Each of these reasons is proper and substantially supported by the record.

First, it was proper for the ALJ not to accord significant weight to Ms. French's opinion because she only treated Plaintiff on a single occasion. The factors to be considered by the adjudicator in determining the weight to give a medical opinion include: "[l]ength of the treatment relationship and the frequency of examination" by the treating physician; and the "nature and extent of the treatment relationship" between the patient and the treating physician. *Orn v. Astrue*, 495 F.3d 625, 631-633 (9th Cir. 2007); 20 C.F.R. §§ 404.1527(d)(2)(i)-(ii), 416.927(d)(2)(i)-(ii).

Plaintiff contends that, although Ms. French only saw Plaintiff on a single occasion, she was employed in the clinic from which he had obtained treatment since January 2004 and should be considered part of a "treating team," citing *Gomez v. Chater*, 74 F.3d 967, 971 (9th Cir. 1996). (Joint Stip. 9.) However, the *Gomez* court specifically noted that the nurse practitioner in that case consulted with a medical doctor "numerous times over the course of her relationship" with the claimant, "worked closely under the supervision" of the treating physician, and "was acting as an agent of [the treating physician] in her relationship" with the claimant. *Id.* Here, there is no evidence in the record to establish that Ms. French worked so closely with Plaintiff's treating physician(s) to allow her March 11, 2009 opinion to be "properly considered as part of the opinion" of the treating physician. *Id.*

Second, the ALJ properly determined that Ms. French's RFC assessment was not supported by the objective medical evidence in the record. Ms. French's RFC assessment was unsupported by any treatment

5

notes or other medical findings. (AR 597-600.) An ALJ need not accept a treating physician's opinion that is conclusory and brief and unsupported by clinical findings. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). Moreover, Ms. French's RFC assessment was contradicted by the opinions of the examining consultative physicians and the testifying medical expert. The ALJ properly relied upon the opinions of the examining consultative physicians, Dr. Nicholas N. Lin, M.D. and Dr. Sean S. To, M.D., both of whom found Plaintiff capable of performing light work with certain limitations. (AR 19-20, 380-385, 433-438.) The opinion of an examining physician can constitute substantial evidence when the opinion is consistent with independent clinical findings or other evidence in the record. *See Thomas v. Barnhart*, 278 F.3d 948, 957 (9th Cir. 2002).

In addition, the medical expert, Dr. Samuel Landau, M.D., after reviewing the medical record, determined that Plaintiff was capable of performing light work, including standing and/or walking for two hours and sitting for six hours in an eight-hour workday. (AR 21, 66, 68-69.) *See Andrews v. Shalala*, 53 F.3d 1035, 1042 (9th Cir. 1995) (ALJ may "legitimately credit" nonexamining physician's opinion where physician is "subject to cross-examination"). Thus, the ALJ properly determined that Ms. French's restrictive RFC assessment was not supported by objective medical evidence and was contradicted by the opinions of the examining consultative physicians and the testifying medical expert.

Finally, as Plaintiff himself acknowledges, the May 11, 2009 "Diabetes Mellitus Residual Functional Capacity Questionnaire" does not qualify as a "medical source opinion" because Ms. French, as a nurse practitioner, is not a licensed physician or other acceptable medical source. *See* 20 C.F.R. § 404.1513(a). An ALJ may accord opinions from

other sources less weight than opinions from acceptable medical sources. *See Gomez*, 74 F.3d at 971. Further, Social Security Ruling ("SSR") 06-03P, which Plaintiff cites in support of his argument that the ALJ improperly rejected the nurse practitioner's opinion, states that a nurse practitioner, listed as an "other source" of information about the claimant's medical condition, "cannot establish the existence of a medically determinable impairment." A nurse practitioner may, however, provide "insight into the severity of the [claimant's] impairment(s) and how it affects the individual's ability to function" if "based on special knowledge of the individual." SSR 06-03P.

As discussed above, Ms. French only treated Plaintiff on a single occasion, and therefore it cannot be said that she has "special knowledge" of Plaintiff's alleged impairments. Accordingly, it was not error for the ALJ to accord little weight to Ms. French's RFC assessment form because it is not an acceptable "medical opinion" under the Social Security Regulations. *See Howard v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003) (finding that the ALJ is "not required to discuss evidence that is neither significant nor probative").

**IV. Conclusion**

For the reasons stated above, the decision of the Social Security Commissioner is hereby **AFFIRMED**.

DATED: March 8, 2011

_____
Marc L. Goldman
United States Magistrate Judge